**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| SHAWN GILLEY, | ) |
|     Plaintiff, | ) Civil Action No. _____ |
| v. | ) |
| ARS NATIONAL SERVICES INC.; and DOE 1-5 | ) |
|     Defendants. | ) |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged the violations alleged herein against Plaintiff while Plaintiff so resided.

1

**PARTIES**

3. Plaintiff, SHAWN GILLEY (hereinafter "Mr. Gilley" or "Plaintiff"), is a natural person residing in Lincoln, New Hampshire. Defendant ARS NATIONAL SERVICES INC. is a corporation believed to maintain its principle place of business at 201 West Grand Ave. in Escondido, California. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. ARS NATIONAL SERVICES INC. and DOE 1-5 shall jointly be referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

**FACTUAL ALLEGATIONS**

5. On or about August 6, 2015, Defendants began contacting Mr. Gilley at his home in connection with an attempt to collect on a consumer debt allegedly owed by Mr. Gilley.

6. On August 6, 2015, Defendants called the Gilley home. Mrs. Gilley answered the phone. Defendants asked to speak with Mr. Gilley. Mrs. Gilley asked Defendants who they were and where they were calling from. Defendants did not provide their name or the name of the company. They only said it was an urgent matter only for Shawn Gilley and that "We can only speak with Shawn Gilley." Mrs. Gilley took the message for Mr. Gilley.

7. Shortly thereafter on August 6, Mr. Gilley returned the call to Defendants and spoke with a collector. Mr. Gilley introduced himself as Shawn Gilley and explained that someone had just spoken with his wife but that the caller failed to provide any information. Mr. Gilley then asked the collector to tell him what the matter was regarding. The collector took Mr. Gilley's name and transferred the call to a second collector. Mr. Gilley once again asked the second collector what the matter was regarding. The collector demanded to know Mr. Gilley's full name (presumably to include his middle name as he had already provided his name again) and his date of birth. Mr. Gilley refused to provide such personal information as his date of birth until the collector disclosed who Defendants were and what the matter was regarding. In response to Mr. Gilley's insistence that the collector identify herself, the collector stated that "we are a call center." Mr. Gilley objected, telling the collector that such a designation as a "call center" is meaningless. The collector said that she would not be able to discuss his "file" unless Mr. Gilley disclosed his date of birth. Mr. Gilley asked: "What file?" The collector responded: "All I can tell you is that it is regarding Capital One." Unable to obtain any further information, Mr. Gilley said: "I don't know who you are or what you are trying to do." He then advised the collector that he would check directly with Capital One to see what the matter was regarding. The call was mutually concluded without the collector ever having informed Mr. Gilley that she was a debt collector with ARS National Services Inc. or that any information used could be used in furtherance of debt collection.

8. Mr. Gilley, concerned about the anonymous call, retained counsel with Centennial Law Offices.

9. Staff from Centennial Law Offices then called the number that was displayed on Mr. Gilley's caller-ID from the August 6 call and reached ARS National Services Inc.

## CAUSES OF ACTION

### COUNT I

10. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692b(1) by failing to identify themselves in a communication with Plaintiff's wife.

### COUNT II

11. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff.

### COUNT III

12. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e(11) by failing to state in a communication with Plaintiff that Defendants are debt collectors, that the communication was being made in an attempt to collect a debt, and that any information obtain would be used for that purpose.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,155.00 in legal costs incurred in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.


## **JURY DEMAND**

Plaintiff demands a jury trial.


Date:  August 4, 2016

                                   s/Paul Petrillo

                                   Paul Petrillo
                                   Law Office of Paul Petrillo
                                   (Of Counsel for Centennial Law Offices)
                                   One Tara Boulevard, Suite 200
                                   Nashua, NH 03062
                                   Phone: 603-894-4120
                                   paulpetrillo202@gmail.com